IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CR 103

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| KEWAN MARQUIS SHADE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's Motion to Reconsider Detention Order or to Amend the Detention Order Based on New Evidence ("Motion to Reconsider or Amend" Doc. 15) and the Government's Motion to Dismiss Defense Motion ("Motion to Dismiss" Doc. 16).

I. **Relevant Background**

A Bill of Indictment filed on October 6, 2020, charged Defendant with one count of possession of one or more firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1).

On October 21, 2020, Defendant made his initial appearance. Counsel was appointed for him and the Government moved for pretrial detention. Assistant Federal Public Defender Emily Jones was assigned to represent Defendant.

On October 26, 2020, Defendant was arraigned, and a detention hearing was held. Following the hearing, the undersigned entered an Order granting the Government's Motion for Detention ("Detention Order" Doc. 7).

On November 2, 2020, Ms. Jones filed an unopposed motion to withdraw as counsel for Defendant in light of a conflict of interest involving the Federal Public Defender's office. That motion was allowed by text order the following day and, on November 4, 2020, attorney James W. Kilbourne was assigned to represent Defendant.

On March 9, 2021, Defendant filed the Motion to Reconsider or Amend.

The Government filed its Motion to Dismiss on March 11, 2021.

The following day, the Court entered a text order directing Defendant to respond to the Motion to Dismiss, and Defendant filed a timely response on March 19, 2021.

Defendant's trial is scheduled for the term beginning on May 3, 2021.

## II. Discussion

### A. Applicable Legal Standard

In his Motion to Reconsider or Amend, Defendant requests that the Court either reconsider the Detention Order pursuant to 18 U.S.C. §3145(b) or amend the Detention Order in light of new evidence pursuant to 18 U.S.C. §3145(a)(2).

In its Motion to Dismiss, the Government argues that the appropriate standard is set out in 18 U.S.C. §3142(f), which provides a mechanism by which a detention hearing may be reopened.

In response, Defendant now concedes that 18 U.S.C. §3145(a)(2) is not applicable to this case but suggests that the Detention Order may be reconsidered pursuant to Section 3145(b) or, alternatively, that Defendant's detention hearing may be reopened pursuant to Section 3142(f).

Section 3145(b) provides a mechanism by which a detention order or a release order issued by a magistrate judge may be reviewed by the district judge having original jurisdiction over the offense. The statute does not appear to provide authority for the undersigned to reconsider the Detention Order.

The undersigned is able, however, to reconsider the Detention Order if the requirements of Section 3142(f) are met. Specifically, under that statute, a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

## B. Application of the Section 3142(f) Standard

Defendant contends that information has come to light that was not available at the time of his prior detention hearing. Specifically, Defendant advises that his minor son has been diagnosed with autism and that his son has been personally and adversely affected by Defendant's absence. In support of this argument, Defendant has submitted a brief letter by the child's pediatrician.

The Government contends that Defendant has failed to show that this information is new, arguing that it is unclear when the diagnosis was made and that the record contains conflicting information as to where the child resides. The Government also argues that even if this information were to be considered as being new evidence, it would have no material bearing on the issue of Defendant's detention under the factors set forth in 18 U.S.C. §3142(g).

The Government's arguments are well taken; the record is unclear as to the specific date on which the information regarding Defendant's son's diagnosis became available, and as to the living arrangements for Defendant and his son. Likewise, Defendant has not submitted authorities directly supporting the proposition that the information about his son should be considered "material" for purposes of a Section 3142 analysis.

However, Defendant's son has received a significant diagnosis and the undersigned concludes that the most appropriate course would be for the detention hearing to be reopened and for the parties to be given an opportunity to present evidence concerning the information regarding Defendant's son, as they deem necessary. The parties need not present evidence that was provided previously but may make arguments regarding any and all evidence of record. This process will provide the Court with a more complete record upon which to consider the supplemental information, and as it determines whether the Detention Order should be altered.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion to Reconsider Detention Order or to Amend the Detention Order Based on New Evidence (Doc. 15) is **GRANTED IN PART** and the Clerk is respectfully directed to schedule a detention hearing for the purposes described above.

2. The Government's Motion to Dismiss Motion Defendant's Motion (Doc. 16) is **DENIED**.

Signed: March 23, 2021

W. Carleton Metcalf
United States Magistrate Judge