IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CR 103

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| KEWAN MARQUIS SHADE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's Motion to Reconsider Detention Order and to Amend the Detention Order Based on New Evidence (Doc. 15). The undersigned previously allowed the Motion in part and directed that Defendant's detention hearing be reopened. In that regard, a supplemental detention hearing was conducted on April 2, 2021. The undersigned denied the Motion at the conclusion of the hearing. This Order memorializes that ruling.

Defendant presented testimony by Ariel Holloway, who has three young children with Defendant. The Government did not offer any further evidence.

The undersigned has considered the new information provided by Defendant as well as the evidence presented during the prior detention hearing. See United States v. Cobb, No. 20-CR-00376-RDB-1, 2021 WL 533733, at *3 (D. Md. Feb. 12, 2021) (granting Defendant's motion to reopen a detention

1

hearing and stating that "the Court will go forward and engage in a *de novo* review of the factors set forth in 18 U.S.C. § 3142(g), including the new information"); United States v. Johnson, No. DKC-20-CR-0038-003, 2020 WL 7239991, at *4 (D. Md. Dec. 8, 2020) ("Thus, the Court now engages in a *de novo* review of the factors set forth in 18 U.S.C. § 3142(g), including the new information, to determine if there are conditions of release that could be fashioned to assure the defendant's appearance as required and the safety of the community.") Having done so, the undersigned is not persuaded that pretrial release is warranted.

The evidence presented previously indicated that Defendant was involved in the selling and purchasing of firearms, including that Defendant purchased three firearms from an undercover law enforcement officer and, when law enforcement attempted to arrest him, Defendant fled to an apartment where Ms. Holloway and her children were residing. In the supplemental detention hearing, Ms. Holloway testified that, as result, they were evicted from that residence.

The new information upon which Defendant relies in arguing for his release at this time is that one of his young children has been diagnosed with autism and, as Ms. Holloway describes, seems to be suffering as a result of Defendant's absence. Consequently, Defendant contends that he should be

released in order to assist Ms. Holloway with parenting and childcare responsibilities.

According to the available information, Defendant is charged with conduct that allegedly took place when the child was nearly 2 years old. In addition, at the previous detention hearing, defense counsel indicated that Defendant's three children lived with him and that two of them had special needs.

As for his place of residence, the pretrial services report (Doc. 6), which was filed prior to the original detention hearing, indicated that Defendant had advised that, if he were released at that time, he would return to live with his mother and sister. During the supplemental detention hearing, however, Ms. Holloway testified that, before he was taken into custody, Defendant was also living with Ms. Holloway and Ms. Holloway's mother. Ms. Holloway testified further that, if Defendant were to be released now, he could not reside with Ms. Holloway and her children at Ms. Holloway's mother's residence. Because Defendant has previous convictions, he is prohibited from living with Ms. Holloway's mother, who works as a foster parent. Ms. Holloway expressed a willingness to supervise Defendant herself, though she currently does not have a place for herself and her children to reside and where Defendant could stay with them.

The pretrial services report also indicated that Defendant had reported he was employed previously, though his mother was unable to verify specifics about that position. No additional information about potential employment for Defendant was provided during the supplemental detention hearing.

The undersigned has also considered Defendant's criminal history, as it appears in the pretrial services report. That information includes felony convictions for assault with a deadly weapon with intent to kill and assault on a law enforcement officer/PO/other with a firearm. The pretrial services report likewise included a recommendation from the Probation Office that Defendant be detained pending trial.

The autism diagnosis for Defendant's child is significant, and the undersigned is sympathetic to the substantial personal pressures and challenges facing Ms. Holloway and her children. There is no doubt that Ms. Holloway would welcome Defendant's assistance in caring for their children, and Defendant's interest in being out of custody for this purpose is understandable.

However, this information, assuming it is relevant to one or more of the factors to be considered in the context of a detention decision under Section 3142, when considered—as it must be—in view of the totality of the evidence, does not lead the undersigned to conclude that release is now appropriate.

For these reasons, and as stated on the record during the supplemental detention hearing, Defendant's Motion is **DENIED** and the order of detention entered previously in this matter remains in effect.

It is so ordered.

Signed: April 5, 2021

W. Carleton Metcalf
United States Magistrate Judge