# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00103-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KEWAN MARQUIS SHADE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Leave to File Under Seal [Doc. 61].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum [Doc. 62-1] and certain Exhibits thereto [Docs. 62-3, 62-4], under seal in this case. [Doc. 61]. For grounds, counsel states that the memorandum and exhibits contain health related or mental health related information protected by HIPPA. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on June 17, 2022, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from memoranda and exhibits in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the memorandum and exhibits at issue here. As for other information a defendant seeks to seal, the Court should consider the privacy interests of individuals related to a criminal case without undermining the public interest in access to the judicial process, particularly including information material to understanding the case. Id. at 492. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. However, the more significant the information to

any relief a defendant seeks, the less likely it should be placed in the record under seal.

In the present case, the Memorandum and Exhibits contain the Defendant's personal information regarding his present medical condition. However, this information is central to the argument Defendant makes for leniency. Further, the information contained in the Memorandum and Exhibits is integral to the arguments the Defendant presented at sentencing. Moreover, the Defendant's sentencing hearing was public, as there was no basis for conducting a closed hearing. In balancing the Defendant's right to privacy regarding matters that are peripheral to the relief he seeks against the public's right to know of the proceedings of this Court and the basis for its decisions, the Court in its discretion denies the Motion to Seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Leave to File Under Seal [Doc. 61] is **DENIED without prejudice**. The Clerk of Court is directed to maintain the Defendant's Sentencing Memorandum and Exhibits [Docs. 62, 62-1, 62-2, 62-3, 62-4, 62-5] under provisional seal for ten days upon the entry of this Order, pending the Defendant's refiling of a proper motion.

**IT IS SO ORDERED.**

Signed: June 27, 2022

Martin Reidinger
Chief United States District Judge